UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM HYATTE and McCRAY,<br><br>Defendants. | CAUSE NO. 3:21-CV-612-JD-MGG |

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint that contains three unrelated claims. First, he alleges that he was stabbed and assaulted by several other inmates on April 5, 2020, but he does not give details about the events that led up to the assault and what he communicated to prison officials about the threat to him. Second, he complains about the living conditions in Miami Correctional Facility's A-dorm, alleging that his cell had no medical button, lights, or windows and that there were exposed wires. Finally, he alleges that Sgt. McCray's K9 partner bit him on the mouth, without detailing when this happened or the circumstances leading up to the dog bite.

"[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and where there are limited connections between claims the court can order severance or dismissal without prejudice, *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). Claims in a single lawsuit must be related, either because the same person is involved in each claim or because several

claims all stem from the same event or occurrence. In other words, a plaintiff may bring multiple unrelated claims against a *single* party, but unrelated claims against *different* defendants belong in different suits. *George*, 507 F.3d at 607 ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). "[T]he plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Chambers needs to decide which related claims to pursue in this case. The clerk will send one **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form with this case number. Chambers needs to carefully follow the instructions on that form and write a short and plain statement telling what each defendant did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. If he sues more than one defendant, he needs to use each defendant's name every time he refers to that defendant. If he wants to file additional lawsuits, he may obtain additional blank forms from his prison law library.

For these reasons, the court:

(1) DIRECTS the clerk to put this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Jerry Chambers;

(2) GRANTS Jerry Chambers until **December 28, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Jerry Chambers if he does not respond by the deadline, the court will select one claim and dismiss any unrelated claims.

SO ORDERED on November 23, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT