UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

        Plaintiff,

            v.                          CAUSE NO. 3:21-CV-612-JD-MGG

WILLIAM HYATTE, et al.,

        Defendants.

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint that contained unrelated claims. ECF 1. He sued about an alleged assault by other inmates on April 5, 2020. He sued about the living conditions in Miami Correctional Facility's A-dorm, alleging that his cell had no medical call button, lights, or windows and that there were exposed wires. Finally, he sued about being bit by Sgt. McCray's K9 partner.

After reviewing the complaint, the court explained to Chambers that "[u]nrelated claims against different defendants belong in different suits . . .." ECF 6 at 1 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The court further explained that, when a *pro se* prisoner files a suit with unrelated claims, the court has several options, but allowing the plaintiff to amend his complaint to include only related claims is the fairest solution. *Id.* at 2 (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012), and *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009)). Chambers was instructed that he may not sue different defendants based on unrelated events in a single lawsuit, and he was granted an opportunity to amend his complaint. *Id.* The court has explained

to Chambers that the court could properly limit this case by picking a claim or related claims for him. *Id.* And, he was warned that, if he could not select related claims on which to proceed in this case, it might become necessary for the court to pick for him. *Id.* Chambers did not amend his complaint by the December 28, 2021, deadline. Therefore, the court will pick for him. After considering the various allegations in the complaint, the court selects Chambers' allegations about the conditions of confinement in Miami Correctional Facility's A-Dorm. All other allegations will be excluded from consideration in this lawsuit.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In April 2020, Chambers was living in Miami's A-Dorm. He alleges that he informed Warden William Hyatte that the living conditions there were unbearable. His cell had no lights, the medical call button did not work, there were exposed wires, and his cell window was open with no covering. The warden failed to remedy the problems.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts

conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, light, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Giving Chambers the inferences to which he is entitled at this stage, he has alleged a plausible claim that he has been denied the minimal civilized measure of life's necessities by being held in a cell with no working lights, an uncovered window, and exposed wires.

For these reasons, the court:

(1) GRANTS Jerry Chambers leave to proceed against Warden William Hyatte in his individual capacity for compensatory and punitive damages for keeping him in a cell with no working lights, an uncovered window, and exposed wires around April 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. McCray;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden William Hyatte at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden William Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 19, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT